

**RECEIVED**

MAR 20 2008
Mar 20, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

Anthony Wheeler #A-81100

_____

_____

_____

(Enter above the full name
of the plaintiff or plaintiffs in
this action)

vs.

Roger E. Walker, Mays,

Butkiewizc, Lifter, Mc Dowell,

Young, G. Moore, Terry MC Cann.

_____

_____

_____

(Enter above the full name of ALL
defendants in this action. <u>Do not</u>
use "et al.")

08CV1637
JUDGE KOCORAS
MAGISTRATE JUDGE KEYS

Case No: _ _ _ _ _ _ _ _ _
(To be supplied by the Clerk of this Court)

**CHECK ONE ONLY:**

___x___   **COMPLAINT UNDER THE CIVIL RIGHTS ACT, TITLE 42 SECTION 1983
U.S. Code** (state, county, or municipal defendants)

_____   **COMPLAINT UNDER THE CONSTITUTION ("BIVENS" ACTION), TITLE
28 SECTION 1331 U.S. Code** (federal defendants)

_____   **OTHER** (cite statute, if known)

*BEFORE FILLING OUT THIS COMPLAINT, PLEASE REFER TO "INSTRUCTIONS FOR
FILING." FOLLOW THESE INSTRUCTIONS CAREFULLY.*

I.    **Plaintiff(s):**

   A.    Name: _____ Anthony Wheeler _____

   B.    List all aliases: __ Tony Wheeler _____

   C.    Prisoner identification number: ____ #A-81100 _____

   D.    Place of present confinement: __ Pinckneyville Correctional Canter

   E.    Address: __ 5835 State Route    154, Pinckneyville, Illinois 62274

   (If there is more than one plaintiff, then each plaintiff must list his or her name, aliases, I.D. number, place of confinement, and current address according to the above format on a separate sheet of paper.)

II.   **Defendant(s):**
   (In **A** below, place the full name of the first defendant in the first blank, his or her official position in the second blank, and his or her place of employment in the third blank. Space for two additional defendants is provided in **B** and **C**.)

   A.    Defendant: __ Roger E. Walker _____

        Title: _____ Director, Illinois Department of Corrections

        Place of Employment: 1301 Concordia Court, Springfield, Ill. 62709

   B.    Defendant: __ MAYS _____

        Title: _____ Sergeant _____

        Place of Employment: __ Stateville Correctional Center _____

   C.    Defendant: __ Butkiewizc _____

        Title: _____ Counselor _____

        Place of Employment: __ Stateville Correctional Center _____

   (If you have more than three defendants, then all additional defendants must be listed according to the above format on a separate sheet of paper.)

Revised 9/2007

Defendant: Lifter
Title: Officer
Place: Stateville Correctional Ctr.


Defendant: Mc Dowell
Title: Sergeant
Place: Stateville Correctional Ctr.


Defendant: Young
Title: Lieutenant
Place: Stateville Correctional Ctr.


Defendant: G. Moore
Title: Officer
Place: Stateville Correctional Ctr.


Defendant: Terry Mc Cann
Title: Warden
Place: Stateville Correctional Ctr


2-A

III.    **List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court in the United States:**

A.    Name of case and docket number: ___Wheeler v. De robertis___

   ___Dkt. # unknown___

B.    Approximate date of filing lawsuit: ___1981___

C.    List all plaintiffs (if you had co-plaintiffs), including any aliases: _____

   _____

   _____

   _____

D.    List all defendants: ___Warden DeRobertis, Chairman and members___
   ___of the Illinois Parole Board___

   _____

   _____

E.    Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county): ___U.S. District Court - Northern District___

F.    Name of judge to whom case was assigned: ___Susan Getzandanner___

   _____

G.    Basic claim made: ___ex post facto laws applied to parole___

   _____

   _____

H.    Disposition of this case (for example: Was the case dismissed? Was it appealed? Is it still pending?): ___no___

   _____

   _____

I.    Approximate date of disposition: ___1983 Febuary___

**IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME FORMAT. REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE. CO-PLAINTIFFS MUST ALSO LIST ALL CASES THEY HAVE FILED.**

Revised 9/2007

Name of case and Docket #: Wheeler v. Illinois   Prisoner Review
                                    Board

App. date of filing: July 2000

Court: U.S. District Court, Northern District

Judge: Ronald Guzman

Basic claim: Cruel and unusual punishment

Disposition: settlement


Name of case and Docket: Wheeler v. Walker

Docket to all cases: 05 C 4300, 05 C 672, 05 C 4618, 05 C 4155
                     05 C 4232, 05 C 4403

Court: U.S. District Court, Northern District

Judge: Charles P. Kocaras

Basic claims: cruel and unusual punishment, deplorable conditions
             due process

Dispositions: all dismissed pursuant to (PLRA) failure to fully
             exhaust Administrative remedies


Name of case and Docket: Wheeler v. Walker

Court: same

Judge: George M. Marovich

Basic claim: same as above

Disposition: dismissed/failure to exhaust

 Name of case and Docket: Wheeler v. Montes    #08 CV 3035
Court: Central District of Illinois
 Judge: Harold A. Baker
 basic claim: sue process, separation of powers   "pending"


                              3-A

**IV.**    **Statement of Claim:**

State here as briefly as possible the facts of your case. Describe how each defendant is involved, including names, dates, and places. **Do not give any legal arguments or cite any cases or statutes.** If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets if necessary.)

"see attached"

exhibits attached A through M

4

Please note: The grievance was filed directly to

Administrative Review Board, per,

Ill. Administrative code Ch. 1 sec.

504. 870 (4)  "see attached exhibit-K"

Revised 9/2007

**V.    Relief:**

State briefly exactly what you want the court to do for you.  Make no legal arguments.  Cite no cases or statutes.

_____

_____

_____"see attached"_____

_____

_____

_____

**VI.**    The plaintiff demands that the case be tried by a jury.    ☒ YES      ☐ NO

## CERTIFICATION

By signing this Complaint, I certify that the facts stated in this Complaint are true to the best of my knowledge, information and belief.  I understand that if this certification is not correct, I may be subject to sanctions by the Court.

Signed this _14th_ day of _March_, 20 _08_

_____
(Signature of plaintiff or plaintiffs)

___Anthony Wheeler_____
(Print name)

___#A-81100_____
(I.D. Number)

___5835 State Route 154_____
___Pinckneyville, Illinois 62274_____
(Address)

6

Revised 9/2007

IN THE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION


| | | |
|---|---|---|
| Anthony Wheeler, pro se, <br> plaintiff, | ) <br> ) <br> ) | 42 U.S.C. §1983 |
| VS. | ) <br> ) <br> ) | COMPLAINT |
| Roger E. Walker, (Director), <br> Mays, (Sargent), Butkiewiszc, <br> (Counselor), Lifter, (Officer), <br> Mc Dowell, (Sargent), Young, <br> (Lieutenant), G. Moore, (Officer), <br> Terry Mc Cann, (Warden). <br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) | JURY TRIAL DEMANDED <br><br> Exhibits Attached |

<u>PRELIMINARY STATEMENT</u>

Now comes, Anthony Wheeler, plaintiff-pro se, a state prisoner,
pursuant to 42 U.S.C. §1983, alleging deliberate indifferance,
deplorable living conditions, heavy vermin/roach infestation,
malfunctioning toilet, unheated cell, broken windows, denial of
medical care, security status upgrade, all in violation of the
Eighth and Fourteenth Amendments to the United States Constitution.

(1)


**EXHIBITS ATTACHED** A to J

## STATEMENT OF FACTS

1. The plaintiff, Anthony Wheeler #A-81100, at all times mentioned in the complaint was a resident of the Pinckneyville Correctional Center and was subsequently transfered (writ by order of the court) to the Stateville Correctional Center,(F-House-cell #245), which the plaintiff strongly contends was unsanitary, deplaorable and unfit for human habitation.

2. On October 30, this plaintiff was assigned to cell #245 (F-House), maximum security unit on said court writ and thereby housed in a cell plagued with dirt, debris, and heavy roach infestation.

3. The heat remained "off" for plaintiff's entire (14) days stay in said cell and window latches were broken thereby causing plaintiff to live in a state of severely cold weather with the aid of only (1) very thin blanket. */

4. Mattress was badly torn and matted, and the toilet flushes on a (timer of very 15 minutes), which often malfunctioned causing */ plaintiff to live with the degradation of having to inhale the foul stinch of human waste and urine deposited by his cell mate Danny Delgado #K-92173, and his own bodily waste for unreasonable and inhumane periods of up to three to five hours between flushings.

5. As a direct and proximate result of the heavy roach infest-ation, plaintiff could not "sleep" for the said period of time, because roaches crawled upon him during the night, thereby causing sleep deprivation.

(2)

SEE EXHIBIT "D"
SEGREGATION STATUS: "C" "G" "H"

*/ The Eighth Amendment prohibits punishments which although not physi-cally barbarous, "involve the unnecessary and wanton infliction of pain"

*/ "functioning sinks, toilets, and showers are basic elements of modern life, particularly within the confines of a wholly self-contained enviroment such as a jail."

6. As a direct and proximate result of the "unheated" and window broken in said cell, this plaintiff lived in a state of fridget cold for the entire (14) days period and thereby developed a severe cold and thus suffered with the agony of continued, constant and chronic, coughing, sneezing, runny nose, runny eyes and flue-like symptons.

7. In addition, plaintiff's initial security status at Pinckney-vill was medium security. However upon his transfer to Stateville, a maximum security unit in F-House #245, in the very same building and the very same tier as other inmates in disciplinary segregation status for violation of Stateville's maximum security rules. */

8. While housed in F-House #cell 245, of the segregation unit this plaintiff was thereby confined to his cell #245 for (24) hours per day, all of his meals were thus served through a slot in the cell #245 door and plaintiff was thereby subjected to the very same conditions, limitations and restrictions as the discipli-nary inmates, upgrading plaintiff's security status from medium to disciplinary maximum without notice or a hearing.

9. The floors, walls, sink and toilet was littered with dirt, trash and other debris. The sink and toilet was encrusted with urine and waste.

10. The plaintiff brought the herein mentioned acts and ommissions to the attention of Defendant's, Mays, Butkiewizc, Lifter, Mc Dowell, Young, and Moore on numerous occasions during several daily routine counts. (counts are conducted twice during each shift).

SEE EXHIBITS "F" "G" "H"                    **Pinckneyvile (exhibit"I")**
SEE EXHIBIT "E" MEDICAL            (3)
SEE EXHIBT "D" CLEANING MATERIALS

*/
  said conditions violate the "EQUAL PROTECTION CLAUSE" of the Fourteenth Amendment

11. The plaintiff, in addition repeatedly informed the the herein named defendant's of the deplorable and unsanitary conditions of cell #245 and repeatedly requested medical assistance, */ extra blankets, maintenance for the broken window and no heat, */ mops, broom, cleaning agents, extermination for the heavy roach infestation and medical assistance and was ignored by the defendants.

## DEFENDANTS

12. The Defendant, Roger E. Walker, is an employee of the Illinois Department of Corrections. At all times mentioned in this complaint he held the position of "Director". He is legally responsible for the overall day to day operations of said Department, including, not limited to, Pinckneyville and Stateville Correctional Centers, he knew or reasonably should have known of the practices, policies and customs of his subordinates, including the defendants. He is being sued, while acting under a color state law, in his individual and official capacities.

13. The Defendant, Mays is an employee of the Illinois Department of Corrections. At all times mentioned in this complaint he held the position of "Sargeant". He is legally responsible for the day to day operations of F-House--Segregation Unit at Stateville. He knew of the conditions that existed in Stateville, including but not limited to cell #245 and the entire F-House. He is being sued, while acting under a color of state law, in his individual capacity.

(4)

*/ An inmate/plaintiff must rely on prison authorities to treat his medical needs; if the authorities fail to do so, those needs will not be met.

*/ In this instance, this plaintiff is issued (1) roll of toilet paper per week, this plaintiff was forced to use his to seal the perimiter of the window from the cold November draft.

14. The Defendant, Butkiewizc, is an employee of the Illinois Department of Corrections. At all times mentioned in this complaint he held the position of "Counselor". He is legally responsible for the clinical services of the residents of F-House, including but **\*/** not limited to cell #245. He knew of the deplorable conditions that existed is cell #245 and the severity of plaintiff's cold and flu like symptons and turned a "blind eye" and deaf ear to them. He is being sued, while acting under a color of state law, in his individual capacity.

15. The Defendant, Lifter, is an employee of the Illinois Department of Corrections. At all times mentioned in this complaint he held the position of "Officer". He is legally responsible for the day to day operations of F-House. He knew of the conditions that exist in F-House, including but not limited to cell #245. He is being sued, while acting under a color of state law, in his individual capacity.

16. The Defendant, Mc Dowell, is an employee of the Illinois Department of Corrections. At all times mentioned in this complaint he held the position of "Sargeant". He is legally responsible for **\*/** the day to day operations in F-House, including but not limited to, cell #245. He knew of the conditions that existed in cell #245 and turned a blind eye and deaf ear to it. He is being sued, while acting under a color of state law, in his individual capacity.

17. The Defendant, Young, is an employee of the Illinois Department of Corrections. At all times mentioned in this complaint he held the position of "Luitenant". He is legally responsible for the

(5)

FOOT NOTE **\*/** Prison personel may be held liable for their failure to act if it causes a constitutional violation. "Acts of ommission are actionable...to the same extent as acts of commissions.

**\*/** This plaintiff repeatedly asked Defendants, Mays, Butkiewizc, Lifter, Mc Dowell, Young and Moore for a grievance form and/or a Crisis Team and was ignored on each occasion.

day to day operations of F-House, including but not limited to cell #245. He knew of the conditions that existed in cell #245 and turned a blind eye and deaf ear to it. He is beingsued, while acting under a color of state law, in his individual capacity. */

18. Defendant G. Moore, is an employee of the Illinois Department of Corrections. At all times mentioned in this complaint he held the position of "Officer". He is legally responsible for the day to day operations in F- House, including but not limited to cell #245. He knew of the conditions that existed in cell #245 and turned a blind eye and a deaf ear to it. He is being sued, while acting under a color of state law, in his individual capacity.

19. Defendant, Terry Mc Cann, is an employee of the Illinois Department of Corrections. At all times mentioned in this complaint he held the position of "Warden". He knew or reasonably should have known of the practices, polocies and customs of Stateville and his subordinates, including the defendants. He is being sued, while acting under a color of state law, in his individual and official capacities.

## DENIAL OF DUE PROCESS

20. The plaintiff contends that his transfer and upgrade from medium security to punitive maximum security without, notice or a hearing denied plaintiff due process and equal protection of the laws as afforded to plaintiff pursuant to the Fourteenth Amendment of the United States Constitution.

(6)

*/ The Defendents acted with complete, utter and reckless disregard for the plaintiff's clearly established constitutional rights.

*/ Defendants, Mays, Butkiewizc, Lifter, McDowell, Young, and Moore turned a "blind eye" to plaintiff's repeated cries for help.

## EIGHTH AMENDMENT VIOLATIONS

21. Plaintiff submits that the combined "bad faith" acts
of the herein named defendants were in violation of the clearly
established Eighth Amendment of the United States Constitution.

## DELIBERATE INDIFFERENCE

22. The repeated examples of negligent acts which thereby disclosed
a pattern of conduct by the above named defendants violated the serious
medical needs of plaintiff is violated (Eighth Amendment) by the
deliberate indifference to serious medical needs. */

23. In the case at bar, the plaintiff has received absolutely
no medical attention from the above named Defendants after plaintiff's
repeated complaints of continued, chronic and constant, sneezing,
coughing, runny nose, runny eyes, and flue like symptoms, for a period
of (14) consecutive days.

24. The acts and ommitions of defendants, Mays, Butkiewiezc, Lifter,
Mc Dowell, Young, Moore were deliberately indifferent to this plaintiff.

## RELIEF SOUGHT

25. Issue a declaratory judgment stating: The deplorable and
inhumane conditions in cell #245 violated the plaintiff's rights
under the Eighth Amendment to the United States Constitution.

(7)

*/ Plaintiff submits that the deial of medical care is cruel and
unusual because, in the worst case, it can result in physical
torture, and, even in less serious cases, it can result in pain
without any penological purpose.

26. Issue a declaratory judgment stating: The failure to provide the plaintiff with a healthy, inhabitable enviroment violated the Eighth Amendment to the United States Constitution.

27. Issue a declaratory judgment stating: The policy and/or practice of housing plaintiff, while on a court writ from medium security status (Pinckneyville) to punitive maximum security status (Stateville-F-House) without notice and/or hearing violated the plaintiff's rights to Due Process and Equal Protection of the law.

28. Issue an order declaratory judgment STATING: The practice of housing plaintiff in a cold, unheated, filthy and roach infested cell violated the plaintiff's Eighth Amendment rights to the United States Constitution.

29. Issue a declaratory judgment stating: The failure to provide plaintiff with even the basic medical assistance violated the plaintiff's Eighth Amendment to the United States Constitution and thus the herein named defendants acted with "deliberate indifference".

30. Award compensatory damages in the following amounts: (1) $100,000 jointly and severally against defendants Walker, Mc Cann, Mays, Butkiewiszc, Lifter, Mc Dowell, Young, Moore, for the physical and emotional injuries sustained as a direct and proximate result of the living in the herein described conditions of confinement for a period of (14) consecutive days without any assistance described herein.

31. Award $100,000 jointly and severally against defendants, defendants Walker, Mc Cann, Mays, Butkiewiszc, Lifter, Mc Dowell, Young and Moore for the torture and punishment of emotional injury resulting from placement in a status equivalent to segregation without even the slightest hint of Due Process.

(8)

EXHIBITS ATTACHED

32. Award jointly and severally against defendants Walker and Mc Cann for the physical and emotional injury resulting from their failure to provide plaintiff adequate medical care to the plaintiff.

33. Award punitive damages in the following amounts: (2) Award $20,000 each against defendants Mays, Butkiewizc, Lifter, Mc Dowell, Young, Moore, Walker and Mc Cann.

34. Grant such other relief as it may appear that this plaintiff is entitled to.

Respectfully Submitted,

Anthony Wheeler, pro se,
Reg. #A-81100
Pinckneyville Corr. Ctr.
P.O. Box 999
Pinckneyville, Ill. 62274

(9)

STATE OF ILLINOIS )
                  ) SS.
COUNTY OF PERRY   )


## AFFIDAVIT


I, Anthony Wheeler, (affiant), after being first duly sworn under oath deposes and avers that the attached complaint is true, accurate and correct and to the very best of my knowledge and belief. In support thereof, this affiant hereby states the following:

1. That he is the pro se-imprisoned affiant in this cause of action.

2. On the herein mentioned dates and times this affiant was assigned to cell #245, F-House at the Stateville Correctional Center, maximum security, punitive segregation unit, while on a court writ from the Pinckneyville Correctional Center, medium security unit.

3. The restrictions, limitations and conditions in (writ status) at the Stateville's F-House unit were an exact duplicate of the restrictions, limitations and conditions of those inmates housed in the very same building and tier, for violation(s) of major prison disciplinary rules and infractions.

4. The cell was unheated for a period of (14) days and this affiant was forced to live in a state severe cold from the broken window latches making it virtuely impossible to close said window.

5. Said cell #245 was litter with dirt, trash and heavy roach infestation that crawled on and about affiant making it impossible for affiant to sleep for the entire said period.

(12)


**EXHIBITS ATTACHED**

6. This affiant informed the herein named defendants of
the conditions that existed in said cell on numerous occasions
during the routine count and the herein named defendants ignored
this affiants repeated cries for assistance.

SUBSCRIBED AND SWORN TO BEFORE ME
ON THIS *14th* DAY OF *March 2008*

AFFIANT: *Anthony Wheeler*

NOTARY PUBLIC: _____
*Notary Public Not Available*
*At Prison*

(13)

EXHIBITS ATTACHED

## IN CONCLUSION

20 Illinois Administrative Code
Ch. 1. Sec. 504
Subchapter e

1. The above mentioned acts and ommissions of the herein
mentioned defendants were in violation of the clearly established
rules of the above Illinois Administrative Code.

2. See 504.40 and 504. 50 "Temporary Confinement" attached
hereonto and marked as plaintiff's exhibit "A" and "B".

3. See 504.610 "Placement in Segregation Status" attached
hereonto and marked as plaintiff's exhibit "C" "D" "E" "F".

4. See 504.720 "Placement in Confinement" attached hereonto
and marked as plaintiff's exhibit "G" "H".

Respectfully Submitted,

Anthony Wheeler, pro se,
Reg. #A-81100
Pinckneyville Corr. Ctr.

P.O. Box 999
Pinckneyville, Ill. 62274

SEE ATTACHED EXHIBITS

(14)

## SUPPORTING AFFIDAVITS

## AND EXHIBITS

**ADMINISTRATIVE CODES:** Ch. 1. Sec. 504

The herein named defendants failed to comply to Ill. Admin. Code Ch. 1 sec. 504.40 and/or 504.50, prior to placing plaintiff in TEMPORARY CONFINEMENT. **(see exhibit "A")**

The named defendants did not issue plaintiff a a disciplinary report and/or afford plaintiff the right to appear before a Adjustment Committee, pursunt to 504.50. **(see exhibit "B")**

The named defendants did not follow sec. 504.610 and/or 504.620 as described in complaint, pursuant to **(see exhibit "C")**

**The** herein named defendants did not follow and turned a "deaf ear" when plaintiff complained **(see exhibit "D")**

The herein named defendants failed wholly to comply with 504.620(I) (see exhibit "E")

The herein named defendants placed this plaintiff in Detention status in clear disregard for section 504.66o (see exhibit "F") see also (exhibit "G")  see also (exhibit "H") 504.730(a)(b)(c)

See exhibit "I" which clearly establishes and further supports this plaintiff's claim that Pinckneyville Correctional Center is a Medium Security facility.

See exhibit "J" and "H" this plaintiff was not seen by any medical staff. see exhibit "K" 504.870(4) regarding grievance procedures.

see also "L" and page (2) paragraph (4) of complaint

(15)





than 6 days, after the commission of an offense or the discovery thereof unless the offender is unavailable or unable to participate in the proceeding.

(Source: Amended at 27 Ill. Reg. 6214, effective May 1, 2003))

Section 504.40  Temporary Confinement

a)  The shift supervisor shall determine whether or not it is necessary to place the offender in investigative status or in temporary confinement status pending a disciplinary hearing or a determination whether or not to issue a disciplinary or investigative report in accordance with Section 504.30. The Chief Administrative Officer shall also have the authority to release the offender from temporary confinement. The decision to place an offender in temporary confinement may be based, among other matters, on:

    1)  The aggressiveness of the offender;

    2)  The threat posed to the safety and security of the facility or any person;

    3)  The need to restrict the offender's access to general population to protect the individual from injury or to conduct the investigation; or

    4)  The seriousness of the offense.

b)  A juvenile offender shall not be placed in temporary confinement status pending a disciplinary hearing for more than 4 days unless the individual is in investigative status.

(Source: Amended at 27 Ill. Reg. 6214, effective May 1, 2003)

Section 504.50  Review of Disciplinary Reports

a)  The Chief Administrative Officer of each facility shall designate one or more Reviewing Officers.

b)  The Reviewing Officer shall review the decision to place an offender in temporary confinement within 3 days after such placement, whenever possible, and may order release from or placement in temporary confinement. Among other matters, the factors listed in Section 504.40(a) may be considered. If a disciplinary or investigative report has not been written within 3 days after placement in temporary confinement, the Reviewing Officer shall inform the Chief Administrative Officer.

c)  An offender who receives an investigative report shall be interviewed by the Reviewing Officer in order to permit the offender an opportunity to present his or her views regarding placement in investigative status. The interview shall be



conducted within 14 days after initial placement of an adult offender in investigative status or within 3 days after initial placement of a juvenile offender in investigative status, whenever possible.

1) The Reviewing Officer shall recommend whether to continue placement of the offender in investigative status. Among other matters, factors listed in Section 504.40(a) may be considered. The Chief Administrative Officer shall make the final determination.

2) The offender shall be informed of the decision and the decision shall be documented in writing.

3) The offender may be detained in investigative status for up to 30 days for adults and up to 5 days for juveniles.

4) If the investigation does not indicate that the offender may be guilty of any disciplinary offense, placement in investigative status shall be terminated and the report shall be expunged from the offender's records. A copy shall be maintained in an expungement file. This decision shall be made by the Chief Administrative Officer and shall be documented in writing.

5) If, as a result of the investigation, it is necessary to amend or modify the original charges, the offender shall be issued a revised disciplinary report.

6) Upon completion of the investigation, the offender shall appear before the Adjustment Committee for a hearing on the disciplinary report unless the report has been expunged.

7) In the event that an investigation cannot be completed within 30 days for adults or 5 days for juveniles due to an institutional emergency, the Chief Administrative Officer may personally authorize, in writing, an extension of up to 30 days placement in confinement for adults and up to 5 days placement in confinement for juveniles pending investigation. As used in this Section, an institutional emergency includes riots, strikes, lockdowns, and natural disasters.

8) The Director may personally authorize, in writing, additional extensions of up to 30 days each for adults if an institutional emergency prevents completion of the investigation within 60 days. The offender shall be informed of the decision in writing.

d) The Reviewing Officer shall review each disciplinary report and determine whether:



504.605  Responsibilities

a)  Unless otherwise specified, the Director, Assistant Deputy Director, or Chief Administrative Officer may delegate responsibilities stated in this Subpart to another person or persons or designate another person or persons to perform the duties specified.

b)  No other individual may routinely perform duties whenever a Section in this Subpart specifically states the Director, Assistant Deputy Director, or Chief Administrative Officer shall personally perform the duties. However, the Director, Assistant Deputy Director, or Chief Administrative Officer may designate another person or persons to perform the duties during periods of their temporary absence or in an emergency.

(Source: Amended at 22 Ill. Reg. 1206, effective January 1, 1998)

Section 504.610  Placement in Segregation Status

a)  In accordance with this Part, offenders may be confined in segregation areas on segregation status. Segregation status includes:

1)  Temporary confinement pending a disciplinary hearing or investigation;

2)  Disciplinary segregation resulting from a disciplinary hearing; or

3)  Administrative detention.

b)  Offenders on segregation status shall be confined in segregation areas. Segregation areas include the segregation unit or any cell, living area, or other area designated by the Chief Administrative Officer to house offenders who are in segregation status.

(Source: Amended at 27 Ill. Reg. 6214, effective May 1, 2003)

Section 504.620  Segregation Standards

Standards for living conditions in segregation areas shall include the following provisions:

a)  Double celling shall be permitted upon approval of the Chief Administrative Officer. Prior to assigning offenders to a double cell, a review shall be conducted to determine whether there are reasons why the offenders should not be double celled. Medical and mental health concerns shall be considered in making this determination.





b)    Minimally, each cell shall be furnished with:

   1)    A bed for each offender securely fastened to the cell;

   2)    Clean bedding, including a mattress, blanket, sheets, pillow, and pillow case for each offender;

   3)    A wash basin with running water and flushable toilet facilities (controls may be located outside the cell); and

   4)    Adequate lighting for reading and observation purposes.

c)    Segregation cells shall be located at or above ground level and have heat and ventilation consistent with the climate.

d)    Each cell shall have a door and a food passage. Any solid cell door shall have a vision panel or shall be designed to permit observation.

e)    The use of physical restraints to confine the offender's movements within the cell shall generally be prohibited.

f)     Cleaning materials shall be made available on a regular basis.

g)    Personal health and hygiene needs of the offender shall be permitted as follows:

   1)    A shower and shave no less than once per week.

   2)    State issued toilet tissue, soap, towel, toothbrush, and toothpaste for daily use if the offender has insufficient commissary funds to purchase these items.

   3)    A weekly exchange of clean institutional clothes or availability of laundry services at least weekly.

   4)    False teeth, eye glasses, and other essential items of personal hygiene and health shall be permitted unless they are a threat to safety or security.

h)    Offenders in segregation status shall be permitted personal property as approved by the Chief Administrative Officer except for property prohibited by 20 Ill. Adm. Code 535.

i)    Commissary privileges comparable to those applicable to the general population shall be allowed, according to grade (Section 504.130), except for restrictions on certain items which may be ordered by the Chief Administrative Officer for safety and security reasons or for other legitimate penological reasons.



j) Persons in segregation status shall receive nutritionally adequate food.

k) Visits shall be permitted in accordance with 20 Ill. Adm. Code 525.Subpart A.

l) Medical personnel shall visit the segregation unit daily to screen requests for medical attention, and a physician shall visit the unit on a weekly basis.

m) A chaplain designated by the Chief Administrative Officer shall visit the segregation area on a daily basis when a chaplain is present on institutional grounds, when possible, but not less than once a week.

n) Each offender in segregation status shall be contacted by a correctional counselor at least once every 30 days.

o) Continued involvement in programs may be permitted on an individual basis on approval of the Chief Administrative Officer.

p) Offenders shall be afforded the opportunity for exercise outside their cells in accordance with Section 504.670.

q) Offenders who are not in "C" grade shall be permitted to make one collect telephone call per month for a period of no more than 15 minutes.

r) Offenders in segregation status shall have the same mail privileges as those provided for persons in the general population (20 Ill. Adm. Code 525.Subpart B).

s) Offenders in segregation status shall be permitted reading materials and shall have access to materials from the facility library and legal library. Physical access to the library need not be provided.

t) Any equipment, personal property, or material provided or allowed in the cell of an offender in segregation status, in accordance with this Subpart, may be removed or restricted as approved by the Chief Administrative Officer if the offender destroys, damages, or abuses it in a manner that jeopardizes the safety of any person or the facility or disrupts institutional safety or order.

(Source: Amended at 27 Ill. Reg. 6214, effective May 1, 2003)

Section 504.630 Investigative Confinement

Offenders placed in confinement pending completion of an investigation shall be provided with the same conditions and services as those required for the segregation area.

(Source: Amended at 27 Ill. Reg. 6214, effective May 1, 2003)



Section 504.640  Confinement Pending Transfer (Repealed)

(Source:  Repealed at 12 Ill. Reg. 8351, effective June 1, 1988)

Section 504.650  Confinement in Control Segregation (Repealed)

(Source:  Repealed at 22 Ill. Reg. 1206, effective January 1, 1998)

Section 504.660  Administrative Detention

Administrative detention is a nondisciplinary status of confinement which removes an offender from general population or restricts the individual's access to general population.

a)    The Chief Administrative Officer may, with the approval of the Director, Deputy Director, or Assistant Deputy Director, place an offender in administrative detention for up to 90 days.

b)    In determining whether to place an offender in administrative detention, the Chief Administrative Officer may consider, among other matters:

    1)    The seriousness of the offense;

    2)    The safety and security of the facility or any person;

    3)    The offender's behavioral and disciplinary history;

    4)    Reports and recommendations concerning the offender;

    5)    The interview and any submissions of relevant material and information;

    6)    Institutional order; and

    7)    Other legitimate penological interests.

c)    The Chief Administrative Officer shall review the record of each offender in administrative detention every 90 days to determine whether continued placement is appropriate.

    1)    The offender need not be interviewed during these reviews.

    2)    The Chief Administrative Officer shall document the decision in writing.



## SUBPART E: CONFINEMENT PROCEDURES -- JUVENILE

Section 504.700  Applicability

This Subpart applies to juvenile offenders within the Department of Corrections.

(Source:  Amended at 27 Ill. Reg. 6214, effective May 1, 2003)

Section 504.710  Definitions

"Chief Administrative Officer" means the highest ranking official of a correctional facility.

"Confinement" means an extended period of restriction in a room, isolated from other offenders.

"Department" means the Department of Corrections.

"Director" means the Director of the Department of Corrections.

"Offender" means a person committed to the Department or to the custody of the Department.

(Source:  Amended at 27 Ill. Reg. 6214, effective May 1, 2003)

Section 504.715  Responsibilities

a)    Unless otherwise specified, the Director or Chief Administrative Officer may delegate responsibilities stated in this Subpart to another person or persons or designate another person or persons to perform the duties specified.

b)    No other individual may routinely perform duties whenever a Section in this Subpart specifically states the Director or Chief Administrative Officer shall personally perform the duties.  However, the Director or Chief Administrative Officer may designate another person or persons to perform the duties during periods of his or her temporary absence or in an emergency.

(Source:  Amended at 22 Ill. Reg. 1206, effective January 1, 1998)

Section 504.720  Placement in Confinement

a)    Confinement may be imposed only under the following conditions:

SD428-8



1)  When an offender has committed or is under investigation for commission of a rule violation, as defined in Section 504.220;

2)  When the behavior of the offender poses a serious threat to his or her own safety, the safety of others, or the security of the facility; or

3)  When an offender is awaiting transfer to a more secure setting.

b)  Offenders may be confined in their rooms or living areas or in any other area designated by the Chief Administrative Officer.

(Source:  Amended at 27 Ill. Reg. 6214, effective May 1, 2003)

## Section 504.730  Confinement Procedures

a)  An offender confined to his or her room for 24 hours or more shall be interviewed daily by his or her counselor or any other staff member approved by the Chief Administrative Officer.

b)  Confinement may not exceed 7 consecutive days or 15 days in any 30 day period except in cases of violence or attempted violence against another person, assault or attempted assault of a person, or damage or attempted damage of property. Under such circumstances, an additional period of confinement may be ordered by the Chief Administrative Officer.

c)  Medical staff and the shift supervisor shall be notified of all confinement placements.  Any medical complaint registered by the offender while in confinement shall be reported immediately to the medical staff, if on duty, or to the shift supervisor who shall contact a member of the medical staff immediately.

d)  Visual checks shall be made of all offenders in confinement no less than every 15 minutes and shall be documented.

e)  Use of physical restraints on offenders in confinement must comply with 20 Ill. Adm. Code 501.Subpart B.

f)  Offenders in confinement shall be provided time outside the room for daily showers, personal grooming, and recreation.

1)  Offenders confined for more than 24 hours shall be provided a minimum of 2 hours outside the room for every 24-hour period, whenever possible.

2)  Time outside a confinement room may be restricted on orders of the Chief Administrative Officer when release of the offender poses a threat to the safety of the individual or others or to the security of the facility.

## INTRODUCTION

Welcome to the Pinckneyville Correctional Center. This facility opened October 1998. Pinckneyville Correctional Center is a Level II, Medium Security facility. This manual has been prepared to assist you in making a positive adjustment. It will serve as a guideline to the policies, procedures, rules and regulations of this facility. It will be in your best interest to familiarize yourself with its contents. Changes to any regulation will be made by bulletins being posted in the housing units and/or revisions of this manual in addition to changes that may be televised on the offender channel #18. It is each person's responsibility to keep abreast of such changes. This manual also explains the various programs and activities that are available to you at Pinckneyville Correctional Center. It is recommended that you participate in these programs to use your time constructively and to prepare for a successful re-entry into the community.

All new offenders at Pinckneyville Correctional Center are initially housed in the Receiving Unit. During this period, it is suggested that you read this entire manual. If you need additional information on any topic, you may consult the Department of Corrections Departmental Rules located in the library.

It is the objective of the Pinckneyville Correctional Center staff to provide a safe, secure and humane environment. If you begin to experience problems of any nature please speak with the assigned Counselor, Casework Supervisor, or Lieutenant in an effort to resolve the problem.

Remember you are held responsible for your behavior and all institutional rules. If you are not sure.........ASK SOMEONE!!!



foreign national from one of the countries listed below and are interested in further information about the program or would like to apply for transfer, please contact your assigned correctional counselor or your consulate for additional information.

| | | | |
|---|---|---|---|
| Albania | Andorra | Armenia | Australia |
| Austria | Azerbaijan | Bahamas | Belgium |
| Bolivia | Brazil | Bulgaria | Canada |
| Chile | Costa Rica | Croatia | Cyprus |
| Czech Republic | Denmark | Estonia | Finland |
| France | Georgia | Germany | Greece |
| Hong Kong | Hungary | Iceland | Ireland |
| Israel | Italy | Japan | Latvia |
| Liechtenstein | Lithuania | Luxembourg | Macedonia, former Yugoslavia Republic of |
| Malta | Marshall Islands | Mexico | Micronesia, Federated States of |
| Netherlands(including Netherlands Antilles/Aruba) | Nicaragua | Norway | Palau, Republic of |
| Panama | Peru | Poland | Portugal |
| Romania | Serbia and Montenegro | Slovakia | Slovenia |
| Spain | Sweden | Switzerland | Thailand |
| Tonga | Trinidad/Tobago | Turkey | Ukraine |
| United Kingdom (includes UK territories) | Venezuela | | |

## MEDICAL AND HEALTH CARE

### Offender Access

All offenders have the opportunity to report their medical complaints and problems to a health care provider seven (7) days a week by submitting a sick call request.

Please be specific on your request in order to ensure proper handling. All health care service requests for nurse sick call, the doctor, mental health services, dental, eye doctor, physical therapy and medical records must be placed in the nurse sick call box in your housing unit. Due to the HIPPA law and for your privacy, **THEY WILL NO LONGER BE ACCEPTED THROUGH INSTITUTIONAL MAIL.** This will prevent duplication of health care services and enable us to schedule in a timelier manner. If you need a refill on your medication you will pop out the last five (5) days worth of your medication and place it in the white pill envelope provided with your original bubble pack. You will then place your bubble pack in the nurse sick call box five (5) days before it will need refilled to ensure your medication is refilled before you run out. As with the mail, **we will no longer accept refill requests, written on a kite, through the institutional mail.**

All offender's health problems or medical complaints shall be reviewed within 24 hours by designated trained health care staff with appropriate referrals to scheduled or unscheduled health services as necessary.

Nurse sick call lines are conducted within the housing units. The nurse will make any necessary referrals to the physician. If you choose not to accept medical treatment, you must sign a refusal.

A physician will be available to address medical needs a minimum of five (5) days per week. Appointments will be scheduled according to priority of need. Routine visits will be scheduled for those who are under treatment for chronic illnesses. Consultation with a specialist can be arranged if deemed necessary by the physician.

NOTE: If you become suddenly seriously ill or injured, report your problem to the nearest employee.

Medical staff is on-site 24 hours per day. Offenders can be examined at any time in case of emergency.

Routine physical examinations will be scheduled every five (5) years for those under 30 years of age and every three (3) years for those age 31 to 39, and every two (2) years for those 40 years of age and older.

A Mental Health Professional will be available in the Health Care Unit for mental health evaluation and treatment. Offenders may send a request for services to the Mental Health Professional or submit a request for services through a counselor or nursing staff member.

A Psychiatrist is available on a weekly basis for psychiatric services by referral from the Mental Health Professional.

### Medical Costs

If you seek health care services while at Pinckneyville for non-emergency medical or dental services, you will be required to pay a $2.00 co-payment. You will be asked to sign a voucher at the time of your appointment.

16



c)   An Administrative Review Board shall be appointed by the Director. One member of the Board may be a citizen from the community. A Department member shall be designated as chairperson.

d)   The Administrative Review Board shall meet as frequently as necessary and may schedule hearings on grievances. Hearings may be conducted in person or via video or telephonic conference. The Board may call witnesses or examine records at its discretion.

e)   The Administrative Review Board shall submit to the Director a written report of its findings and recommendations.

f)   The Director shall review the findings and recommendations of the Board and make a final determination of the grievance within 6 months after receipt of the appealed grievance, where reasonably feasible under the circumstances. The offender shall be sent a copy of the Director's decision.

g)   In those instances where an offender is appealing a grievance determined by the Chief Administrative Officer to be of an emergency nature, the Administrative Review Board shall expedite processing of the grievance.

(Source: Amended at 27 Ill. Reg. 6214, effective May 1, 2003)

Section 504.860  Records

Records regarding the filing and disposition of grievances shall be maintained in the offender's master file.

(Source: Amended at 27 Ill. Reg. 6214, effective May 1, 2003)

Section 504.870  Direct Review by Administrative Review Board

a)   Offenders shall submit grievances directly to the Administrative Review Board when grieving:

   1)   Decisions regarding protective custody placement, including continued placement in or release from protective custody.

   2)   Decisions regarding the involuntary administration of psychotropic medication.

   3)   Decisions regarding disciplinary proceedings that were made at a facility other than the facility where the offender is currently assigned.

   4)   Other issues except personal property issues that pertain to a facility other than the facility where the offender is currently assigned.



from one facility to another while pending a hearing, the individual shall be provided with an opportunity to present a defense at any subsequent disciplinary hearing held at the receiving facility that is comparable to that which would have been afforded, in accordance with this Subpart, at the sending facility.

b)  In determining the appropriate sanctions, the Adjustment Committee or Program Unit, the Chief Administrative Officer, and the Director may consider, among other matters, mitigating or aggravating factors such as:

1)  The offender's mental state at the time of committing the offense;

2)  The extent and degree of participation in the commission of the offense;

3)  The amount or nature of stolen property, contraband, or injury; and

4)  The offender's prior disciplinary record.

c)  Corporal punishment, disciplinary restrictions on diet, medical or sanitary facilities, clothing, bedding, mail, or access to legal materials and reductions in the frequency of use of toilets, washbowls, and showers shall be prohibited.

d)  Disciplinary restrictions on visitation, work, education, or program assignments and use of the library shall be related as closely as practicable to the abuse of such privileges. This subsection shall not apply to segregation or isolation of offenders for purposes of institutional control.

e)  Offenders are presumed to be responsible for any contraband or other property prohibited by this Part that is located on their person, within their cell or within areas of their housing, work, educational, or vocational assignment that are under their control. Areas under an offender's control include, but are not limited to, the door track, window ledge, ventilation unit, plumbing, and the offender's desk, cabinet, shelving, storage area, bed, and bedding materials in his or her housing assignment; and desk, cubicle, work station, and locker in his or her work, educational, or vocational assignment. If the offender produces evidence that convinces the Adjustment Committee or Program Unit that he or she did not commit the offense, the offender shall be found not guilty.

(Source: Amended at 27 Ill. Reg. 6214, effective May 1, 2003)

Section 504.30  Preparation of Disciplinary Reports

a)  Every employee has the duty to observe the conduct of offenders.

b)  If an employee observes an adult offender committing an offense, discovers evidence of its commission, or receives information from a reliable witness of



**Illinois**
Department of
**Corrections**

**Rod R. Blagojevich**
Governor

**Roger E. Walker Jr.**
Director

1301 Concordia Court / P.O. Box 19277 / Springfield IL 62794-9277 / Telephone: (217) 558-2200 / TDD: (800) 526-0844

January 28, 2008

Anthony Wheeler
Register No.  A81100
Pinckneyville Correctional Center

Dear Mr. Wheeler:

This is in response to your grievance received on November 21, 2007, regarding Conditions (While on Court Writ 10/31/07-11/14/07), which was alleged to have occurred at Stateville Correctional Center.  This office has determined the issue will be addressed without a formal hearing.

Based on a total review of all available information, duration of the claim and in accordance with DR 504.850, it is the opinion of this office that the grievance is denied. The grievance fails to demonstrate any true violation of rights, damages incurred or injuries suffered. Additionally, specific information for this office to review was not provided.

FOR THE BOARD: _____
Sherry Benton
Administrative Review Board
Office of Inmate Issues

CONCURRED: _____
Roger E. Walker Jr.
Director

cc:    Warden Dan Austin, Pinckneyville Correctional Center
       Anthony Wheeler, Register No. A81100

## DECLARATION UNDER PENALTY OF PERJURY

I, the undersigned, certify to the best of my knowledge, information, and belief, that the attached Document is in full compliance with Rule 720 ILCS 5/32/-2, of the Illinois Law and Criminal Procedure. The undersigned also recognizes that failure to comply with this code may result in committing a Class Three (3) Felony punishable by any Court in the State of Illinois. Pursuant to 720ILCS 5/32-2, of the Illinois Law and Criminal Procedure.

Signed this ___14th___ day of ___March___, 2008

___Anthony Wheeler___
Signature

## NOTICE  PROOF OF SERVICE

Please take notice, that I, Anthony Wheeler #A-81100, have filed the attached Civil Complaint, Motion For Appointment of a Special Master, Affidavit and Exhibits, on this ____ day of_____ _____. This by depositing same in the mail box at the Pinckney-ville Correctional Center, P.O. Box 999, Pinckneyville, Illinois, 62274.

TO: United States District Court
    Prisoner Correspondent
    219 S. Dearborn St.
    Chicago, Ill. 60602

SUBSCRIBED AND SWORN TO BEFORE ME
ON THIS *14th* DAY OF *March. 2008*
AFFIANT: *Anthony Wheeler*

NOTARY PUBLIC: _____

*NOTARY PUBLIC NOT AVAILABLE
AT PRISON LIBRARY*

**EXHIBITS ATTACHED**