Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | CHARLES P. KOCORAS | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 1637 | **DATE** | March 26, 2008 |
| **CASE TITLE** | Anthony Wheeler (#A-81100) vs. Roger E. Walker, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff's motion for leave to file *in forma pauperis* [#3] is granted. However, the complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim. The case is terminated. The plaintiff's motions for appointment of counsel [#4] and appointment of a special master [#5] are denied as moot. The trust fund officer at the plaintiff's place of confinement is authorized and ordered to make deductions from the plaintiff's account and payments to the clerk of court in accordance with this order. The clerk is directed to mail a copy of this order to the trust fund officer at the Pinckneyville Correctional Center. This dismissal counts as one of the plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g).

■ [**For further details see text below.**]

Docketing to mail notices.

## STATEMENT

The plaintiff, a state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendants, correctional officials, violated the plaintiff's constitutional rights by denying him due process and by subjecting him to cruel and unusual conditions of confinement. More specifically, the plaintiff challenges his two-week transfer from a medium- to a high-security prison, with its accompanying deprivations.

The court finds that the plaintiff is unable to prepay the filing fee. Accordingly, the court grants the plaintiff's motion to proceed *in forma pauperis* and assesses an initial partial filing fee of $2.33 pursuant to 28 U.S.C. § 1915(b)(1). The trust fund officer at the plaintiff's place of incarceration is authorized and ordered to collect, when funds exist, the partial filing fee from the plaintiff's trust fund account and pay it directly to the clerk of court. Thereafter, the trust fund officer at the plaintiff's place of confinement is directed to collect monthly payments from the plaintiff's trust fund account in the amount of 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the clerk of court each time the account balance exceeds $10 until the full $350 filing fee is paid. Separate deductions and payments shall be made with respect to each action or appeal filed by the plaintiff. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and this case number.

**(CONTINUED)**

mjm

**STATEMENT (continued)**

However, under 28 U.S.C. § 1915(e)(2), the court is required to dismiss a suit brought *in forma pauperis* at any time if the court determines that it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Here, even accepting the plaintiff's factual allegations as true, the court finds that the complaint fails to state a claim as a matter of law. The plaintiff has not articulated a deprivation of constitutional magnitude.

The plaintiff alleges that he was moved from the Pinckneyville to the Stateville Correctional Center on a court writ. Although the complaint fails to provide complete dates, grievance materials attached to the complaint indicate that the plaintiff remained at Stateville from October 31, 2007, to November 14, 2007. Exhibits attached to the complaint are incorporated into the pleading and considered a part thereof for purposes of the court's review. *See* Fed. R. Civ. P. 10(c); *Northern Indiana Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 452 (7th Cir. 1998). The plaintiff contends that his cell was "filthy" and roach-infested, that it lacked heat, that the toilet did not always flush properly, and that he was confined to his cell 24 hours a day.

The plaintiff had no constitutional right to remain at the Pinckneyville Correctional Center. An inmate has no constitutionally protected interest in choosing his place of confinement. *See, e.g., Knox v. Wainscott*, No. 03 C 1429, 2003 WL 21148973, at *8 (N.D. Ill. May 14, 2003) (Manning, J.), *citing Meachum v. Fano*, 427 U.S. 215, 225 (1976); *Bruscino v. Carlson*, 854 F.2d 162, 167 (7th Cir. 1988). Prison officials may transfer an inmate for any constitutionally permissible reason or for no reason at all. *Id.* A prisoner has no liberty interest in avoiding transfer to another prison, be it out of state, to a more restrictive facility, or to a facility owned and run by a private corporation. *See Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *Meachum*, 427 U.S at 223-24; *Moran v. Sondalle*, 218 F.3d 647, 651 (7th Cir. 2000); *Stanley v. Litscher*, 213 F.3d 340, 343 (7th Cir. 2000); *Pischke v. Litscher*, 178 F.3d 497, 500 (7th Cir. 1999). The plaintiff's transfer on a court writ to the Stateville Correctional did not violate his constitutional rights.

Furthermore, the court finds that the conditions the plaintiff complains of, though unacceptable, did not rise to the level of a violation of his constitutional rights, particularly given their temporary nature. "The Eighth Amendment prohibits punishments which involve the unnecessary and wanton infliction of pain, are grossly disproportionate to the severity of the crime for which an inmate was imprisoned, or are totally without penological justification." *Whitman v. Nesic*, 368 F.3d 931, 934 (7th Cir. 2004), *quoting Meriwether v. Faulkner*, 821 F.2d 408, 415 (7th Cir. 1987) (*citing Rhodes v. Chapman*, 452 U.S. 337, 346 (1981); *Caldwell v. Miller*, 790 F.2d 589, 600 (7th Cir. 1986)). A conditions-of-confinement claim has two components: an objective test (whether the conditions can be considered inhumane) and a subjective test (whether the defendants acted with a culpable state of mind). *Wilson v. Seiter*, 501 U.S. 294, 298, 303 (1991); *Delaney v. DeTella*, 256 F.3d 679, 683 (7th Cir. 2001). The objective prong asks whether the alleged deprivation or condition of confinement is "sufficiently serious" so that "a prison official's act or omission results in the denial of the minimal civilized measure of life's necessities." *Whitman*, 368 F.3d at 934, *quoting Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (quotations omitted).
**(CONTINUED)**

| STATEMENT (continued) |
| --- |

Generally, the standard for determining whether prison conditions satisfy the objective component of the Eighth Amendment focuses on whether the conditions are contrary to "the evolving standards of decency that mark the progress of a maturing society." *Farmer*, 511 U.S. at 833-34; *see also Lunsford v. Bennett*, 17 F.3d 1574, 1579 (7th Cir. 1994). To meet this standard, the deprivation must be "extreme"; mere discomfort is not sufficient. *Hudson v. McMillian*, 503 U.S. 1, 8-9 (1992). Not all restrictive or even harsh prison conditions are actionable under the Eighth Amendment. *Rhodes*, 452 U.S. at 347. Deprivations must be "unquestioned and serious" and contrary to "the minimal civilized measure of life's necessities." *Id.*

In the case at bar, the plaintiff's stay at the Stateville Correctional Center was undoubtedly disagreeable. However, the plaintiff remained at Stateville for only two weeks, and there is no allegation that his basic needs, (such as adequate food, clothing, shelter, protection, and medical care) were not met. *Henderson v. Sheahan*, 196 F.3d 839, 844 (7th Cir. 1999). The lack of heat occurred in the fall, the toilet went only a few hours at most without flushing, and the plaintiff spent only two weeks in segregation. Moreover, the plaintiff suffered no real physical injury other than a cold he attributes to the harsh conditions.

Given the lack of severity of the alleged deprivations, as well as the short time the plaintiff suffered the purported hardships, the court finds that the plaintiff's conditions did not objectively violate the Eighth Amendment. *Compare Antonelli v. Sheahan*, 81 F.3d 1422, 1431 (7th Cir. 1996) (sixteen months of pest infestation is a "prolonged deprivation"); *Smith v. Copeland*, 87 F.3d 265, 269 (8th Cir. 1996) ("conditions such as a filthy cell that may be tolerable for a few days are intolerably cruel for weeks or months"). In *Williams v. Ramos*, 71 F.3d 1246, 1249-50 (7th Cir. 1995), the Court of Appeals for this circuit held that conditions in the segregation unit at Stateville do not impose an "atypical and significant hardship on the inmate[s] in relation to the ordinary incidents of prison life." *Id.* at 1249, *quoting Sandin v. Conner*, 515 U.S. 472, 484 (1995). Because the court discerns no objectively serious deprivation, the court need not consider whether the named defendants exhibited the requisite intent to cause pain or suffering.

For the foregoing reasons, this suit is dismissed for failure to state a claim upon which relief may be granted. The plaintiff is warned that if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If the plaintiff chooses to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal. *Evans v. Illinois Dept. of Corrections*, 150 F.3d 810, 812 (7th Cir. 1998). Furthermore, if the appeal is found to be nonmeritorious, the plaintiff may also accumulate another "strike."

Charles P. Kocoras

U.S. District Judge