FILED
APR 27 2009
Apr 27. 2009
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Anthony Wheeler, pro se, plaintiff, | ) ) ) ) | MOTION FOR A JUDGMENT BY DEFAULT AGAINST DEFENDANT G. MOORE: |
| | ) | Fed.R.Civ.P. #55(a)(d) |
| VS. | ) ) ) | case no.# 08 C 1637  08cv1637 Civil Action |
| Roger Walker, et al., defendants. | ) ) ) ) | Hon: Charles P. Kocoras presiding judge |

## MOTION FOR AJUDGEMENT BY DEFAULT AGAINST DEFENDANT G. MOORE

### INTRODUCTION

Now comes, Anthony Wheeler (plaintiff-pro se) and respectfully moves this Honorable Court pursuant to Fed.R.Civ.P. #55(a)(d) to hereby enter an order instanter allowing this Motion for A Judgment By Default Against Defendant G. Moore in the above entitled cause of action.

### JURISDICTION AND VENUE

1. This plaintiff involkes and confesses the jurisdiction of this Honorable Court pursuant to Fed.R.Civ.P. #55(a)(d) which clearly states in pertinent part: **(#55(a)** "**Entry**: When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend

(1)

as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default......"

(#55(d) Plaintiffs; "The provisions of this rule apply whether the party entitled to the judgment by default is a plaintiff, a third party, or a party who has pleaded a cross-claim or counterclaim. In all cases a judgment by default is subject to the limitation of Rule #54(c).

## STATEMENT OF FACTS

2. In the case at bar, this plaintiff strongly contends that a judgment by Default should be enter against Defendant G. Moore for all or part of the relief sought in this claim.

3. Insofar as, On April 1, 2009, this plaintiff had an occasion to recieve (**Defendant's Motion To Enlarge**) indicating from Assistant Attorney General, Camile J. Lindsay, that she was therein requesting an enlargement of time to April 14, 2009 to file an answer to the above entitled cause and that said counsel would also be representing Defendant G. Moore.

4. However, on April 15, 2009, this plaintiff had occasion to recieve two documents from said counsel in the form of an Answer, wherein said counsel expressed representation of Defendant's Mc Cann, Lifter, Young, Mayes, Mc Dowell and Butkiewicz, and also Defendant's Motion To Dismiss Defendant Walker.

5. This plaintiff steadfastly maintains that said counsel has thereby acted with complete, utter and intentional disregard for the representation of Defendant G. Moore and more importantly intentionally mislead this Honorable Court in her bad faith request for an enlargement of time.

## RELIEF SOUGHT

WHEREFORE, this plaintiff humbly prays that this Honorable Court to hereby enter an order instanter allowing this Motion For A Judgment By

(2)

Default for all or part of the relief requested in the initial complaint and/or whatever further relief that this Honorable Court deems just, equitable and proper.

Respectfully Submitted,

*Anthony Wheeler* (signature)

Mr. Anthony Wheeler, pro se
Reg. No.#A-81100
Pinckneyville corr. Ctr.
P.O. Box 999
Pinckneyville, Ill. 62274