UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ANTHONY WHEELER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 08 C 1637 |
| | ) | |
| ROGER E. WALKER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION**

CHARLES P. KOCORAS, District Judge:

This case comes before the court on the motion of Defendants Terry McCann, the warden of Stateville Correctional Center ("McCann"), as well as Stateville correctional officers Keenan Young, Keith Lifter, Troy Mayes, Michael McDowell, Ed Butkiewicz, and Galen Moore ("Correctional Officer Defendants") for summary judgment pursuant to Fed. R. Civ. P. 56.[1] For the reasons stated below, Defendants' motion is granted in part and denied in part.

---

[1] While Plaintiff has styled his response to Defendants' motion as a cross motion for summary judgment, the substance of Plaintiff's argument is that genuine issues of material fact exist. We therefore construe his filing as a response to Defendants' motion for summary judgment.

# BACKGROUND[2]

Plaintiff Anthony Wheeler ("Wheeler") is an inmate in the custody of the Illinois Department of Corrections. From October 30, 2007, until November 14, 2007, Wheeler was incarcerated at Stateville Correctional Center while on a court writ. Wheeler was assigned to a cell in F-House, Stateville's maximum security unit, for the duration of his stay.

Though his time at Stateville was relatively short, Wheeler nevertheless found some aspects of his confinement to be substandard. The floors and walls of Wheeler's cell were littered with dirt, trash, and other debris. The cell's walls, sink, and toilet were encrusted with urine and waste. Wheeler also testified that the toilet in his cell malfunctioned, forcing him to inhale the smell of human waste for periods of three to five hours. Wheeler made several attempts to bring the conditions of his cell to the attention of Stateville officials. Wheeler verbally conveyed his complaints about his cell

---

[2] On October 22, 2009, the court provided Wheeler with a statement regarding Local Rule 56.2, advising him of the required procedures for answering Defendants' motion in accordance with Rule 56.1. Despite this notice, Wheeler's statements fail to cite to appropriate portions of the record that support the fact asserted. While courts must construe pro se pleadings liberally, Wheeler's unrepresented status does not absolve him from complying with Local Rule 56.1. *See Greer v. Bd. of Ed. of City of Chicago*, 267 F.3d 723, 727 (7th Cir. 2001). A district court may, in its discretion, strictly enforce its own local rules with respect to summary judgment motions by considering as admitted all statements uncontroverted by the opposing party. *See Patterson v. Ind. Newspapers, Inc.*, 589 F.3d 357, 360 (7th Cir. 2009). Considering Wheeler's *pro se* status and the small amount of evidence we are asked to review, we decline to strictly enforce our local rule and will consider Wheeler's factual statements in deciding this motion.

on numerous occasions to the Correctional Officer Defendants and requested cleaning supplies from the officers. Despite these requests the officers did not provide Wheeler with the items he requested. Wheeler also wrote letters to Defendant McCann, Stateville's warden, informing him about the conditions in his cell but received no response.

On March 20, 2008, Wheeler filed suit against Defendants under 42 U.S.C. § 1983 claiming that Defendants violated his Eighth Amendment rights by subjecting him to cruel and unusual punishment during his incarceration at Stateville. We dismissed Wheeler's suit on March 28, 2008, for failure to state a claim upon which relief may be granted. Wheeler appealed, and the Seventh Circuit reversed our decision on December 16, 2008. After the parties completed discovery, Defendants filed their present motion for summary judgment.

## LEGAL STANDARD

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to summary judgment as a matter of law." Fed. R. Civ. P. 56(c). A genuine issue of material fact exists when the evidence is such that a reasonable jury could find for the nonmovant. *Buscaglia v. United States*, 25 F.3d 530, 534 (7th Cir. 1994). The movant in a motion for summary judgment bears

the burden of demonstrating the absence of a genuine issue of material fact by specific citation to the record; if the party succeeds in doing so, the burden shifts to the nonmovant to set forth specific facts showing that there is a genuine issue of fact for trial. Fed. R. Civ. P. 56(e); *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). In considering motions for summary judgment, a court construes all facts and draws all inferences from the record in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). With these principles in mind, we turn to the Defendants' motion.

## DISCUSSION

As a preliminary matter, we discuss Defendant McCann's contention that he is entitled to summary judgment because Wheeler has not presented any evidence from which a jury could find him personally liable under § 1983. The doctrine of *respondeat superior* does not apply to § 1983 claims; to be held individually liable, a defendant must be personally responsible for the deprivation of a constitutional right. *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001). "A defendant will be deemed to have sufficient personal responsibility if he directed the conduct causing the constitutional deprivation, or if it occurred with his knowledge or consent." *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (internal quotation marks omitted). To be liable for the constitutional violations of one's employees, a supervisor must know about the

violation and facilitate it, approve it, condone it, or turn a blind eye. *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995). The sum total of Wheeler's evidence relating to McCann consists of his testimony (also repeated in his declaration) that he sent letters to McCann regarding the conditions in his cell that McCann never acknowledged or responded to. The fact that Wheeler sent McCann letters of complaint does not provide any basis for a reasonable jury to find McCann personally responsible for the alleged constitutional deprivations at issue. *See Crowder v. Lash*, 687 F.2d 996, 1005-06 (7th Cir. 1982) (no basis for defendant's liability under § 1983 when only evidence is that plaintiff sent defendant letters detailing alleged deprivations suffered in prison). Aside from these letters, Wheeler has not presented any evidence demonstrating that McCann was aware of conditions in Wheeler's cell or his employees' response to such conditions; without such knowledge McCann cannot be held liable under § 1983. *See Gentry*, 65 F.3d at 561. We therefore grant McCann summary judgment.

Defendants contend they are entitled to summary judgment as to the remaining Defendants because Wheeler has not presented enough evidence for a reasonable juror to conclude that Defendants subjected him to unconstitutional conditions of confinement. The Eighth Amendment requires prison officials to provide inmates with humane conditions of confinement. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). Prison officials must supply inmates with a minimal measure of life's necessities including

shelter, sanitation, and utilities. *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981); *Johnson v. Pelker*, 891 F.2d 136, 139 (7th Cir. 1989). To determine if an inmate challenging the conditions of his confinement is entitled to relief under the Eighth Amendment, a court must perform a two-part examination. *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008). First, the court must determine whether the conditions at issue were sufficiently objectively serious such that the prison officials' acts or omissions result in the denial of the minimal civilized measure of life's necessities. *Id*. If the inmate demonstrates that the conditions were sufficiently serious, the court then proceeds to the second step to establish whether prison officials acted with deliberate indifference to the conditions in question. *Wilson v. Seiter*, 501 U.S. 294, 302 (1991). To establish deliberate indifference, the inmate must show that prison officials had actual knowledge of impending harm that was easily preventable. *Jackson v. Duckworth*, 955 F.2d 21, 22 (7th Cir. 1992).

Defendants argue they are entitled to summary judgment on Wheeler's claims against them because Wheeler has not presented sufficient evidence for a reasonable juror to conclude that the conditions of his confinement were objectively inadequate under Eighth Amendment standards; or, even if the conditions were objectively inadequate, that Defendants were deliberately indifferent to those conditions. Wheeler contends, among other arguments, that he suffered a serious deprivation of adequate

sanitation and that Defendants acted with deliberate indifference to the conditions in his cell.

Defendants argue that Wheeler has not presented sufficient evidence to show that a number of unsanitary conditions in his cell were serious enough to violate the Eighth Amendment. "[T]he Eighth Amendment requires prison officials to maintain sanitary and safe prison conditions[.]" *Pelker*, 891 F.2d at 139. In the relevant portions of his declaration, Wheeler states that (1) the floors, sink, and toilet were covered in dirt, trash, and leftover food; (2) his sink, walls, and toilet were encrusted with dried feces, urine, vomit, and saliva.[3] The Seventh Circuit has previously held that an inmate's Eighth Amendment rights were implicated when presented with circumstances similar to Wheeler's. *See, e.g.*, *Vinning-El v. Long*, 482 F.3d 923, 923 (7th Cir. 2007) (reversing summary judgment in favor of defendants when walls smeared with human waste); *Isby v. Clark*, 100 F.3d 502, 505-06 (7th Cir. 1996) (finding potential Eighth Amendment violation when inmate housed in cell with dried blood, feces, urine, and food on the walls); *Jackson*, 955 F.2d at 22 (summary judgment in favor of defendants reversed

---

[3] Though Defendants urge us to consider each of these conditions separately, several conditions of confinement may establish an Eighth Amendment violation in combination when they have a mutually enforcing effect that produces the deprivation of a single identifiable human need. *Wilson*, 501 U.S. at 304. In this case, because all of the referenced conditions produced the deprivation of sanitary conditions in Wheeler's cell, we consider them together for purposes of determining whether Wheeler's Eighth Amendment rights were implicated.

when plaintiff lived with filth). Based upon these precedents, Wheeler has shown that genuine issues of material fact exist as to whether the conditions of his confinement were sufficiently serious to violate the Eighth Amendment.

Defendants further contend that even if the conditions described by Wheeler implicate the Eighth Amendment, Wheeler has not presented sufficient evidence that Defendants acted with deliberate indifference. To establish deliberate indifference, a plaintiff must, at a minimum, demonstrate that defendants had "actual knowledge of impending harm easily preventable." *Duckworth v. Franzen*, 780 F.2d 645, 653 (7th Cir. 1985). "If the harm is remote rather than immediate, or the officials don't know about it or can't do anything about it, the subjective [deliberate indifference] component is not established and the suit fails." *Jackson*, 955 F.2d at 22.

Wheeler offers evidence that each of the Correctional Officer Defendants visited his cell and witnessed the unsanitary conditions that prevailed there but did not supply Wheeler with the cleaning supplies he requested. Wheeler's evidence, if believed, would establish that Defendants obtained actual knowledge of the unhygienic circumstances of Wheeler's cell through their examination of the cell during their visit as well as through communication from Wheeler. In *Jackson*, the Seventh Circuit found triable issues of fact with respect to whether defendants acted with deliberate indifference when plaintiff presented evidence that the defendants routinely visited his cell, observed the

when plaintiff lived with filth). Based upon these precedents, Wheeler has shown that genuine issues of material fact exist as to whether the conditions of his confinement were sufficiently serious to violate the Eighth Amendment.

Defendants further contend that even if the conditions described by Wheeler implicate the Eighth Amendment, Wheeler has not presented sufficient evidence that Defendants acted with deliberate indifference. To establish deliberate indifference, a plaintiff must, at a minimum, demonstrate that defendants had "actual knowledge of impending harm easily preventable." *Duckworth v. Franzen*, 780 F.2d 645, 653 (7th Cir. 1985). "If the harm is remote rather than immediate, or the officials don't know about it or can't do anything about it, the subjective [deliberate indifference] component is not established and the suit fails." *Jackson*, 955 F.2d at 22.

Wheeler offers evidence that each of the Correctional Officer Defendants visited his cell and witnessed the unsanitary conditions that prevailed there but did not supply Wheeler with the cleaning supplies he requested. Wheeler's evidence, if believed, would establish that Defendants obtained actual knowledge of the unhygienic circumstances of Wheeler's cell through their examination of the cell during their visit as well as through communication from Wheeler. In *Jackson*, the Seventh Circuit found triable issues of fact with respect to whether defendants acted with deliberate indifference when plaintiff presented evidence that the defendants routinely visited his cell, observed the

conditions within, and failed to take steps to remedy them. *Id*. Wheeler has presented comparable evidence of Defendants' awareness of the filthy conditions that prevailed in his cell and their unwillingness to institute measures to correct the problem. Though Defendants have presented evidence regarding efforts made to correct other conditions of Wheeler's confinement, the triable issues of fact regarding whether Defendants were deliberately indifferent to the specific unsanitary conditions described above render this case inappropriate for summary judgment.

Because we find triable issues of fact with regard to the seriousness of the conditions and whether the Correctional Officer Defendants acted with deliberate indifference, we deny the motion for summary judgment with respect to the claims against the Correctional Officer Defendants.

## CONCLUSION

Defendants' motion for summary judgment is granted with respect to McCann and denied with respect to Defendants Keenan Young, Keith Lifter, Troy Mayes, Michael McDowell, Ed Butkiewicz, and Galen Moore.

                                                                */s/ Charles P. Kocoras*
                                                               Charles P. Kocoras
                                                                United States District Judge

Dated:     April 15, 2010